IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3094-D

| | | |
|---|---|---|
| ONZORA F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MASTERFOODS USA, | ) | |
| MARS INCORPORATED, | ) | |
| SUPT. RICKY ANDERSON, and | ) | |
| ASST. SUPT. JOSEPH HARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

On May 18, 2009, Onzora F. Johnson ("Johnson" or "plaintiff"), a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On March 29, 2010, Johnson filed a motion for sanctions and mediated settlement conference [D.E. 3]. On June 9 and 15, 2010, Johnson filed a second motion for sanctions and mediated settlement conference and supplement to the second motion [D.E. 6, 8]. On August 16, 2010, Johnson filed a motion for leave to file an amended complaint [D.E. 10].

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous." 28 U.S.C. § 1915A(a), (b)(1). This is true even where, as here, "the plaintiff is not proceeding in forma pauperis and has paid the full [filing] fee." Johnson v. Hill, 965 F. Supp. 1487, 1488 (E.D. Va. 1997) (citing 28 U.S.C. § 1915A(a); see In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (administrative order) (noting that, pursuant to section 1915A, "[d]istrict courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee,

`

is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). The standard for evaluating the sufficiency of a pleading is flexible, and a "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

A party may amend his pleading once as a matter of right before the opposing party serves a responsive pleading. See FED. R. CIV. P. 15(a)(1)(B). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. FED. R. CIV. P. 15(a)(2). In this case, no defendant has filed a responsive pleading. Accordingly, plaintiff's motion for leave to amend his complaint [D.E. 10] is granted, and the court reviews the complaints together to determine whether plaintiff has stated any claim.[1]

First, Johnson alleges that defendants Masterfoods USA and Mars Incorporated ("the corporate defendants") manufactured a candy bar that Johnson purchased on January 1, 2008, in the prison canteen at Pasquotank Correctional Institution. Compl. 3–4. Johnson alleges that he was injured while eating the candy bar due to "relatively large peanut twigs" in the candy bar. Id. Johnson further alleges that because the corporate defendants "are a NJ based mega company legally licensed & authorized to do business in the state of NC . . . they were therefore acting under the color of state law" and are "liable via contract of interstate commerce under section 1 . . . of the Sherman Act[.]" Am. Compl. ¶ 4.

―――――――――――――――

[1] Johnson submitted his first complaint on a standard form provided by the court which provides for the filing of claims by state prisoners under 42 U.S.C. § 1983. Johnson's amended complaint is typewritten on plain paper.

2

Johnson has failed to state a cognizable claim against the corporate defendants, who are private corporations, under either section 1983 or section 1 of the Sherman Act, 15 U.S.C. § 1 et seq. Johnson has not identified any conduct by the corporate defendants which would allow the court to find that the corporate defendants acted under color of law for purposes of section 1983. See, e.g., Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001); Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615–16 (4th Cir. 2009); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001); DeBauche v. Trani, 191 F.3d 499, 507–08 (4th Cir. 1999). As for the Sherman Act, it "prohibits every agreement in restraint of trade." Valuepest.com of Charlotte, Inc. v. Bayer Corp., 561 F.3d 282, 286 (4th Cir. 2009) (quotation omitted). "Showing a violation of [section] 1 requires proof of two elements: (1) a contract, combination, or conspiracy; (2) that imposed an unreasonable restraint of trade." Id. (quotation omitted). Johnson has made no such allegation as to either of these required elements. Therefore the court dismisses plaintiff's claims against the corporate defendants.

As for Johnson's allegations against defendants Anderson and Harrell, it does not clearly appear from the face of the amended complaint that plaintiff is not entitled to relief; thus, the action is allowed to proceed. Because no defendant has been served with the complaint prior to the court's review under section 1915A, plaintiff's motions for sanctions and a mediated settlement conference are denied without prejudice.

In sum, the court DISMISSES plaintiff's claims against Masterfoods USA and Mars Incorporated, and the Clerk of Court is DIRECTED to maintain management of the action. Johnson is WARNED that all papers filed with the court must comply with Rule 10 of the Federal Rules of Civil Procedure and Local Civil Rule 10.1, EDNC.

3

SO ORDERED. This 24 day of August 2010.


                                        *James Dever*
                                        JAMES C. DEVER III
                                        United States District Judge

4