IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3094-D

| | | |
|---|---|---|
| ONZORA F. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MASTERFOODS USA, | ) | |
| MARS INCORPORATED, | ) | |
| SUPT. RICKY ANDERSON, and | ) | |
| ASST. SUPT. JOSEPH HARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

On May 18, 2009, Onzora F. Johnson ("Johnson" or "plaintiff"), a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. On August 24, 2010, the court reviewed Johnson's original and amended complaints pursuant to 28 U.S.C. § 1915A, dismissed Johnson's claims against Masterfoods USA and Mars Incorporated, and allowed Johnson's claims against defendants Anderson and Harrell to proceed [D.E. 11].[1] North Carolina Prisoner Legal Services ("NCPLS") investigated Johnson's claim and found that appointment of counsel was not warranted [D.E. 19].

On November 18, 2010, Johnson filed a notice of interlocutory appeal [D.E. 20]. On December 13, 2010, defendant Harrell filed a motion to dismiss [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Johnson about the motion to dismiss, the consequences of failing to respond, and the response deadlines [D.E. 27].

---

[1] Johnson's amended complaint related only to defendants Masterfoods USA and Mars Incorporated.

Johnson did not file anything in opposition to the motion to dismiss, and the time within which to do so has expired. On January 3, 2011, the court notified Johnson that he had failed to serve defendant Anderson within 120 days as required by Federal Rule of Civil Procedure 4(m) [D.E. 28]. On January 12, 2011, Johnson responded to the notice of failure to serve [D.E. 29], which was docketed as a motion. On January 19, 2011, the United States Court of Appeals for the Fourth Circuit dismissed Johnson's appeal for failure to prosecute [D.E. 30–31].

Johnson alleges that on January 1, 2008, he purchased a Snickers candy bar in the prison canteen at Pasquotank Correctional Institution ("PCI"), and "almost choked to death" while eating it. Compl. 3. Johnson attempted to summon help, but "was completely ignored." Id. Ultimately, Johnson "declared a medical emergency," but a nurse "told [him] there is nothing they could do." Id. Johnson "continued to file sick call requests," was seen by two other nurses, and eventually prescribed an antibiotic after Johnson developed an infection. Id.; see also Mem. Supp. Harrell Mot. Dismiss, Ex. A (1/31/08 grievance filed by Johnson). Two or three months later, Johnson "was taken to a specialist/gastrologist in . . . Halifax [County]" who observed "a rather large red bruised area in [his] throat." Compl. 3. As a result of the incident, Johnson alleges he has "been experiencing cold sweats/nightmares about choking" but "NCDOC mental health . . . . told [him] there's nothing they can do . . . & hopefully such would eventually go away." Id. at 4. Johnson premises his claim against defendants Harrell and Anderson on "supervisory liability" and contends that "PCI medical staff were unprofessional &/or improperly trained[.]" Id.

The court first addresses defendant Harrell's motion to dismiss. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Defendant Harrell seeks dismissal because Johnson seeks to hold him liable for the alleged conduct of his subordinates. See Mem. Supp. Harrell Mot. Dismiss at 9–12. The doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 218, 220–21 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir.1994). Johnson's conclusory allegations that Harrell was a supervisor at PCI and that PCI medical staff were inadequately trained fail to state a claim against Harrell.

Next, the court addresses Johnson's failure to serve defendant Anderson as required by Federal Rule of Civil Procedure 4(m). A plaintiff "is responsible for having the summons and complaint served within the time allowed by [Federal Rule of Civil Procedure] 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). At a plaintiff's request, "the court may order that service be made by a United States marshal or deputy

3

marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court must grant such a request "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Id. Here, however, Johnson does not proceed in forma pauperis, and the court retains discretion to appoint a process server on motion of plaintiff. See id.

Johnson seeks an extension of time to serve Anderson (via United States Marshal) because Anderson "no longer works at [PCI] and that was [where the incident] took place and the US Marshals were not made aware of this and neither was" Johnson. Pl.'s Mot. 1. Anderson is the Deputy Director of Prisons. See N.C. Dep't of Corr., Department Officials, *available at* http://www.doc.state.nc.us/admin/Official.htm (last visited May 6, 2011). At the time of the allegations of the complaint, defendant Anderson was the superintendent at PCI. Compl. 4.

The statute governing prisoner civil actions provides that "[n]ot withstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Johnson names Anderson as a defendant based on his supervisory position at PCI. However, Johnson's allegations fail to state a claim against Anderson for the same reasons that he failed to state a claim against Harrell. Accordingly, the court dismisses Anderson.

In sum, the court GRANTS defendant Harrell's motion to dismiss [D.E. 25]. The court DISMISSES as frivolous Johnson's claim against defendant Anderson. The court DENIES AS MOOT Johnson's motion concerning service of process [D.E. 29]. The Clerk of Court shall close the case.

SO ORDERED. This 6 day of May 2011.

JAMES C. DEVER III
United States District Judge